## Case No. 16,010.

### UNITED STATES v. PATTERSON.

[3 McLean, 299.] 1

Circuit Court, D. Ohio. Dec. Term, 1843.

PENALTIES — INFORMERS AS WITNESSES — UNITED STATES MARSHALS—PAYMENT OF DEPUTIES.

1. An informer who receives one-half of the penalty on conviction is, notwithstanding, a competent witness.

2. This is chiefly placed on the ground of public policy.

3. A payment by a marshal to his assistant for taking the census in depreciated paper, is a violation of the census act of 1839 [5 Stat. 331]. And this is especially so, where good funds had been received by the marshal, to pay his assistants.

Mr. Anthony, U. S. Dist. Atty.
Mr. Hamer, for defendant.

OPINION OF THE COURT. This is an indictment under the act of the 3d of March, 1839, in relation to the census, the defendant being marshal of the district of Ohio, charging him with retaining from one of his assistants in taking the census, a portion of the compensation allowed by law for that service. The indictment contained several counts, charging the defendant with paying his assistant in depreciated paper, when he received from the government funds with which to pay them, equivalent to specie. The defendant gave bond, as marshal, in 1838. A certified transcript from the treasury showed the transmission to him of a large amount of treasury notes, and also a draft for $1960.17, payable at sight, on the order of the defendant, on the receiver of public moneys at Jeffersonville. Mr. Taylor stated that he acted as assistant in taking the census for Champaign county. On the 8th of July, 1841, having received in part his compensation, he demanded of the defendant the payment of the balance. Defendant said he could not pay his assistants in treasury notes, as they were large, but that he had made an arrangement to pay them through the banks. The witness offered to take treasury notes,

but eventually received currency which was at a discount of ten per cent. Major Hunt was present when the above payment was made, and heard the marshal offer to pay in a draft on the receiver at Jeffersonville, Indiana. Mr. Swan stated that treasury notes were worth from seven to nine per cent. above their face, for currency. Witness purchased from the marshal from five to eight thousand dollars of treasury notes, for which he paid eight per cent. in currency. The treasury notes were one per cent. better than specie. Mr. Moody stated that the draft on Jeffersonville for specie was worth from six to seven per cent. above par in bankable money. Mr. Espy, cashier of the Franklin bank,— the bank at that time was in a state of suspension, as to specie payments,—stated that defendant had a deposit of $35,000, which was drawn for by him and paid by the bank in currency. The defendant took a receipt in full from the witness Taylor.

This prosecution rests on the 11th section of the above act, which provides, "that if any marshal, in any district within the United States or territories shall directly or indirectly ask or demand, or receive, or contract to receive, of any assistants to be appointed by him under this act, any fee, reward or compensation, for the appointment of such assistant to discharge the duties required of such assistant under this act, or shall retain from such assistant any portion of the compensation allowed to the assistant by this act, the said marshal shall be deemed guilty of a misdemeanor in office, and shall forfeit and pay the amount of five hundred dollars for each offence, to be recovered by suit and indictment," one-half to the informer, &c. An objection was made to the competency of Taylor, who was the informer, and who, should the defendant be convicted, will be entitled to one-half of the penalty. A distinction is made between a qui tam action and one like the present. An informer who sues for himself as well as for the state, recovers the amount of the penalty that he is entitled to, but in the present case the informer does not receive it under the sentence on the indictment, but must sue for it. This distinction, though made in the case of U. S. v. Murphy, 16 Pet. [41 U. S.] 210, appears to me to be unsustainable. In the case cited, the court say, "The general rule undoubtedly is, in criminal cases, as well as in civil, that a person interested in the event of the suit or prosecution, is not a competent witness. But there are many exceptions, which are as old as the rule itself." One exception is, where, from the nature of the offence, there can be no conviction if the party interested be not a witness. 1 Phil. Ev. c. 8, § 7. "So cases of necessity where no other evidence can be reasonably expected, as an indictment for robbery." Id. p. 120, c. 5, § 6. "Another exception is, that of a person who is to receive a reward for or upon the conviction of the offender." The rule is founded

upon public policy, and is sustained by the decision in 16 Pet. [41 U. S.], above referred to, and the authorities there cited. On these authorities the court think that the informer in this case, is a competent witness.

On the facts of the case THE COURT instructed the jury, that to pay an assistant in depreciated funds, nominally calling for the true sum, but intrinsically worth seven or eight per cent. less, is a violation of the eleventh section, and subjects the defendant to the penalty prescribed. That an exchange of the government funds for currency of less value, and a payment by the marshal in such currency is clearly within the mischief, to prevent which the statute was passed.

The jury returned a verdict of guilty.